IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUCY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 3:26-cv-00763 |
| JONATHAN SKRMETTI, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Pending before the Court in this putative class action are five motions. The first motion is a "Motion for Preliminary Injunction and Memorandum of Law in Support" (Doc. No. 6, "Preliminary Injunction Motion"), filed by the two named Plaintiffs, Lucy and Benjamin.[1] Via the Preliminary Injunction Motion, Plaintiffs seek a pre-enforcement injunction barring the enforcement of Section 1 of H.B. 1704 "against Plaintiffs and [members of] the [putative] class." (Doc. No. 6 at 3). Supporting the Preliminary Injunction Motion are the respective declarations of Lucy (Doc. No. 6-1) and Benjamin (Doc. No. 6-2). Defendants[2] have filed a response (Doc. No.

---

[1] Lucy and Benjamin are not the actual (respective) names of Plaintiffs. Instead, they are (respective) pseudonyms that Plaintiffs have chosen (and sought leave via a motion (Doc. No. 8, "Pseudonym Motion")) to use. Plaintiffs' Pseudonym Motion (Doc. No. 8) is also pending and is resolved herein.

[2] When using the term "Defendants" herein, the Court is referring collectively to all defendants in this action, namely Tennessee Attorney General and Reporter Jonathan Skrmetti, Commissioner of Safety and Homeland Security for the State of Tennessee Jeff Long, District Attorney General for the Sixth Judicial District of Tennessee Charme Allen, District Attorney General for the Ninth Judicial District of Tennessee Russell Johnson, District Attorney General for the Thirteenth District of Tennessee Bryant C. Dunaway, District Attorney General for the Fifteenth Judicial District of Tennessee Jason Lawson, District Attorney General for the Twentieth Judicial District of Tennessee Glen Funk, District Attorney General for the Twenty First Judicial District of Tennessee Stacey Edmonson, District Attorney General for the Twenty Third Judicial District of Tennessee Ray Crouch, District Attorney General for the Twenty Fourth Judicial District of Tennessee Neil Thompson, District Attorney General for the Twenty Fifth Judicial District of Tennessee Mark Davidson, District Attorney General for the Twenty Sixth Judicial District of Tennessee

25) in opposition to the Preliminary Injunction Motion. Plaintiffs have filed a reply (Doc. No. 40) in further support of the Preliminary Injunction Motion.[3]

The second motion is Plaintiffs' "Motion for Class Certification and Memorandum of Law in Support" (Doc. No. 7, "Class Certification Motion"), wherein Plaintiffs request certification of the putative class in this case under Rule 23(b)(2). The Class Certification Motion is supported by two declarations (Doc. Nos. 7-1, 7-2) of Plaintiffs' counsel. Defendants have filed a response (Doc. No. 35, "Class Certification Response") in opposition to the Class Certification Motion. The Class Certification Response is supported by an exhibit (Doc. No. 34, "Defendants' Sealed Exhibit"), which is filed under seal and is composed of Plaintiffs' interrogatory responses and excerpts from transcripts of the respective depositions of Plaintiffs. Plaintiffs have filed a reply (Doc. No. 45 "Class Certification Reply") in further support of the Class Certification Motion. The Class Certification Reply is supported by an exhibit (Doc. No. 44, "Plaintiffs' Sealed Exhibit"), which is filed under seal and is composed of Plaintiffs' deposition transcripts and discovery responses. The Class Certification Reply is also supported by an exhibit (Doc. No. 45-2), which is not filed under seal and which is composed of the responses of certain Defendants to Plaintiffs' requests for production.[4]

The third motion is "Plaintiffs' Motion for Leave to Proceed Pseudonymously and Memorandum in Support" (Doc. No. 8, "Pseudonym Motion"), wherein Plaintiffs "seek leave to

---

Jody Pickens, District Attorney General for the Twenty Eighth Judicial District of Tennessee Fred Agee, and District Attorney General for the Thirtieth Judicial District of Tennessee Steve Mulroy.

[3] Non-party United States of America ("Government") has filed a Statement of Interest (Doc. No. 30), therein stating that it is the position of the Government that Section 1 of H.B. 1704 is not preempted by federal immigration law.

[4] Plaintiffs also filed, at Docket No. 45-1, an ostensible exhibit that actually serves as a mere placeholder that refers to Plaintiffs' Sealed Exhibit.

proceed pseudonymously, under the following [respective] pseudonyms: Lucy and Benjamin." (Doc. No. 8 at 2). Via a joint notice (Doc. No. 28, "Notice"), the parties have informed the Court that "Defendants no longer oppose" the Pseudonym Motion. (Doc. No. 28 at 1).

The fourth motion is a motion to seal (Doc. No. 33, "First Motion to Seal") filed by Defendants, wherein Defendants seek leave to file under seal Defendants' Sealed Exhibit (Doc. No. 34).

The fifth and final motion pending before the Court is a motion to seal (Doc. No. 43, "Second Motion to Seal" and, collectively with the "First Motion to Seal," "Motions to Seal") filed by Plaintiffs, wherein Plaintiffs seek leave to file under seal Plaintiffs' Sealed Exhibit (Doc. No. 44).

For the reasons described in the accompanying Memorandum Opinion, the Preliminary Injunction Motion (Doc. No. 6) is **DENIED**, the Class Certification Motion (Doc. No. 7) is **DENIED** as moot, the Pseudonym Motion (Doc. No. 8) is **GRANTED**, the First Motion to Seal (Doc. No. 33) is **DENIED**, and the Second Motion to Seal (Doc. No. 43) is **DENIED**.[5] Finally, this action will be **DISMISSED** without prejudice for lack of subject-matter jurisdiction, and accordingly the Clerk is **DIRECTED** to enter judgment under Rule 58 of the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] Although the Court is denying the Motions to Seal, the Court will leave Defendants' Sealed Exhibit and Plaintiffs' Sealed Exhibit under seal for the next twenty-one (21) days to permit any of the parties to file renewed motions to place Defendants' Sealed Exhibit and Plaintiffs' Sealed Exhibit under seal.