IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUCY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 3:26-cv-00763 |
| JONATHAN SKRMETTI, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court in this closed case is the "Motion to Expedite Motion to Set Aside Judgment and to File First Amended Complaint and Motion for Reconsideration" (Doc. No. 56, "Motion"), filed by Plaintiffs, Lucy and Benjamin.[1] Via the Motion, Plaintiffs move the Court to "expedite briefing and decision" (Doc. No. 56 at 1) on both Plaintiffs' "Motion to Set Aside Judgment and to File First Amended Complaint" (Doc. No. 52, "Motion to Set Aside Judgment"), wherein Plaintiffs move the Court to "set aside the judgment under Federal Rule of Civil Procedure 59(e) and grant leave to file their First Amended Complaint ("FAC")," (Doc. No. 52 at 2), and on Plaintiffs' "Motion for Reconsideration Or, In The Alternative, Renewed Motion For Preliminary Injunction And Class Certification," (Doc. No. 55, "Motion for Reconsideration"), wherein Plaintiffs seem to ask the Court to reconsider its ruling denying both Plaintiffs' motion for a preliminary injunction (Doc. No. 6) and Plaintiffs' motion for class certification (Doc. No. 7). (Doc. No. 55 at 2, 5, 6, 13).

---

[1] Lucy and Benjamin are not the actual (respective) names of Plaintiffs. Instead, they are (respective) pseudonyms that Plaintiffs have chosen and been granted leave (Doc. No. 48 at 3) to use in this action.

Via the Motion, Plaintiffs request an expedited decision on the Motion to Set Aside Judgment and Motion for Reconsideration by July 24, 2026, on the following basis:

> This Court denied Plaintiffs' motion for a preliminary injunction and class certification and dismissed this case without prejudice on June 26, 2026, Dkts. 47, 48, 49, so Plaintiffs must appeal by July 27, 2026 under the 30 day deadline set by Federal Rule of Appellate Procedure 4(a)(4)(A). The Sixth Circuit has held that "the time to appeal an immediately appealable order does not run until a district court resolves a timely motion for reconsideration of that order," *Blackwell v. Nocerini*, 123 F.4th 479, 485 (6th Cir. 2024), and Plaintiffs have filed a motion for reconsideration of the Court's order. However, in an abundance of caution and to preserve their opportunity to appeal if necessary, Plaintiffs respectfully move to expedite briefing and decision on Plaintiffs' motion to set aside judgment and to file Plaintiffs' first amended complaint and Plaintiffs' motion for reconsideration. Moreover, because Section 1 of H.B. 1704 is currently in effect and the Court has not yet ruled on the merits of Plaintiffs' preemption claims, Plaintiffs are seeking a ruling as quickly as possible.

(Doc. No. 56 at 1-2). In light of the Motion's request for an expedited decision on the Motion to Set Aside Judgment and Motion for Reconsideration, Plaintiffs shall file an explanation as to (1) why, if (as Plaintiffs contend) a decision on the Motion to Set Aside Judgment and Motion for Reconsideration is so time sensitive, Plaintiffs elected not to file a new action challenging Section 1 of H.B. 1704 (which they were permitted to do given the Court's dismissal of this action was *without* prejudice (Doc. No. 48 at 3)), and instead chose to seek expedited relief—involving substantial motion practice—in this closed case; and (2) why, if a decision on the Motion to Set Aside Judgment and Motion for Reconsideration is so time sensitive, Plaintiffs did not file the Motion to Set Aside Judgment and Motion for Reconsideration until nearly two weeks after the denial of their motion for a preliminary injunction (Doc. No. 6) and motion for class certification (Doc. No. 7) and the subsequent entering of final judgment in this case.[2]

---

[2] This is not the first time Plaintiffs have delayed in requesting relief from the Court that Plaintiffs, upon finally seeking that relief, have insisted is time sensitive and requires an expedited decision from the Court. In fact, although H.B. 1704 was signed into law on April 21, 2026, 2026 Tenn. Pub. Acts, ch. 771 § 1, https://legiscan.com/TN/text/HB1704/2025, Plaintiffs waited until *June 4, 2026* to bring their challenge to

Upon hearing from Plaintiffs, the Court will then rule on the Motion, and (to the extent necessary) set deadlines for briefing on the Motion to Set Aside Judgment and Motion for Reconsideration.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

Section 1 of H.B. 1704, which, at the time, was scheduled to go into effect on July 1, 2026, and then promptly requested that the Court enter an injunction by *July 1, 2026* enjoining the law. (Doc. No. 6 at 3).