# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| LUCY, BENJAMIN, on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:26-cv-763 ) |
| JONATHAN SKRMETTI, *et al.*, | ) Judge Richardson ) Magistrate Judge Frensley |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR EXTENSION

Defendants move this Court under Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 6.01(a) for an extension of time to respond to Plaintiffs' Motion to Set Aside Judgment and to File First Amended Complaint and Motion for Reconsideration such that Defendants' responses are due no earlier than 10 days after the Court's disposition of Plaintiffs' Motion to Expedite.[1]

## BACKGROUND

On June 26, 2026, this Court denied Plaintiffs' motions for preliminary injunction and for class certification and dismissed Plaintiffs' complaint without prejudice. Following the dismissal, on July 8, 2026, Plaintiffs filed: (1) a Motion to Set Aside Judgment and to File First Amended Complaint; (2) a Motion for Reconsideration or, in the Alternative, Renewed Motion for Preliminary Injunction and Class Certification; and (3) a Motion to Expedite. Dkt. 52; 55; 56. Defendants' responses to these motions would have been due July 22, 2026.  Local Rule 7.01(a)(3).

---

[1] Plaintiffs' counsel's position is that they also interpret the July 9th Order to say that any deadlines on pending motions will be set by the Court in a scheduling order and that they currently oppose any attempt by Defendants to enlarge the time allowed to respond to those motions.

The next day, addressing the Motion to Expedite, the Court ordered Plaintiffs to explain why "Plaintiffs elected not to file a new action . . . and instead chose to seek expedited relief—involving substantial motion practice—in this closed case" and why they waited "nearly two weeks after" entry of final judgment to file those motions. Dkt. 57, 2. The Court indicated that it would "rule on the Motion [to Expedite]" "[u]pon hearing from Plaintiffs" and "(to the extent necessary) set deadlines for briefing" Plaintiffs' other motions. Dkt. 57, 3. Plaintiffs responded with their explanation on July 13, 2026. Dkt. 58.

## ARGUMENT

Given the Court's preliminary order on Plaintiffs' Motion to Expedite, Plaintiffs' response, and Defendants' understanding that the Court "will rule on the Motion [to Expedite]" based on Plaintiffs' response, Defendants respectfully request that the Court grant them at least 10 days from its resolution of the Motion to Expedite to respond to the Motion to Set Aside and Motion for Reconsideration if the Motion to Expedite is denied.[2]

"[T]he Court has the inherent discretion to manage its own cases and to amend, extend, rigorously enforce, or even ignore the deadlines that the Court itself sets for filings responses to motions." *Tulis v. Orange*, 686 F. Supp. 3d 701, 716 (M.D. Tenn. Aug. 7, 2023); *Ott v. Publix Super Markets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014); *see also Commerce Benefits Group, Inc. v. McKesson Corp.,* 326 Fed. Appx. 369, 377 (6th Cir.2009). Trial courts are given "wide discretion to manage their own dockets and to decide issues which have consumed considerable resources." *In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 349 (6th Cir. 2024) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)) (internal quotations omitted). So scheduling decisions are reviewed only for abuse of discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

---

[2] Given that the Court will "set deadlines for briefing" if it grants the Motion to Expedite, Dkt. 57, 3, Defendants also request that the Court consider counsel's conflicting obligations described in this motion if it sets expedited briefing.

Good cause exists to extend Defendants' deadline to respond. To start, until Plaintiffs responded to the Court's order yesterday explaining their decision to seek post-judgment relief rather than file a new complaint, Defendants remained uncertain whether motion practice would persist in this closed case. That uncertainty being resolved by Plaintiffs' response, Defendants require time to prepare responses to Plaintiffs' procedurally unusual requests, just as "Plaintiffs had to deliberate" in the weeks before they filed those requests. Dkt. 58, 2. Additionally, since this Court entered its final judgment, Defendants' lead counsel has left employment with the Attorney General's Office, and new lead counsel now faces unexpected and demanding conflicting obligations. For example, on July 10, 2026, the Tennessee Supreme Court appointed a special master to conduct an evidentiary hearing on five issues relating to Christa Pike's request to stay her September 30, 2026 execution. *Tennessee v. Pike*, No. M2026-01156-SC-DPE-DD. The special master must report his findings no later than August 21, 2026, and thus Defendants' new lead counsel, who serves as a member of the team defending Tennessee's execution procedures, expects to devote overwhelming time to preparing for and presenting at that evidentiary hearing. Additionally, Defendants' other counsel has upcoming deadlines for dispositive motions that demand much of her time and attention.

Because several weeks passed between the time H.B. 1704 was signed into law and Plaintiffs' filing of their complaint, and because twelve days passed between the dismissal of their complaint and the filing of Plaintiffs' Motions, Plaintiffs will not be prejudiced by Defendants' request of at least 10 days to respond to Plaintiffs' Motions. Absent prejudice to Plaintiffs, this Court should exercise its discretion and grant Defendants' Motion for Extension.

## CONCLUSION

For these reasons, the Court should grant Defendants 10 days from its resolution of Plaintiffs' Motion to Expedite to respond to the Motions to Set Aside and for Reconsideration.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ David Wickenheiser
DAVID WICKENHEISER (#040427)
Assistant Attorney General
JESSICA BERK (BPR# 043649)
Assistant Attorney General
Constitutional Defense Division
Office of the Tennessee
Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-7277
David.Wickenheiser@ag.tn.gov
Jessica.Berk@ag.tn.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was served by operation of the Court's

ECF/PACER system on July 14, 2026, upon:

Lucas Cameron-Vaughn
Zee Scout
ACLU (Nashville Office)
P O Box 120160
Nashville, TN 37212
615-320-7260
lucas@aclu-tn.org
zscout@aclu-tn.org

Peter McGraw*
Efrén Olivares*
Kevin Siegel*
National Immigration Law Center
1101 14th Street, Suite 410
Washington, D.C. 20005
Tel: (213) 639-3900
mcgraw@nilc.org
olivares@nilc.org
siegel@nilc.org

Hannah Steinberg*
Cody Wofsy*
Oscar Sarabia Roman*
Spencer Amdur*

American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0770
hsteinberg@aclu.org
cwofsy@aclu.org
osarabia@aclu.org
amdur@aclu.org

Noor Zafar*
Grace Choi*
Omar Jadwat*
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660
nzafar@aclu.org
gchoi@aclu.org
ojadwat@aclu.org

*Counsel for Plaintiffs*


s/ David Wickenheiser
DAVID WICKENHISER (BPR# 040427)
Assistant Attorney General