IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUCY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 3:26-cv-00763 |
| JONATHAN SKRMETTI, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court in this closed case is the "Motion to Expedite Motion to Set Aside Judgment and to File First Amended Complaint and Motion for Reconsideration" (Doc. No. 56, "Motion"), filed by Plaintiffs, Lucy and Benjamin.[1] The Motion relates to both Plaintiffs' "Motion to Set Aside Judgment and to File First Amended Complaint" (Doc. No. 52, "Motion to Set Aside Judgment") and Plaintiffs' "Motion for Reconsideration Or, In The Alternative, Renewed Motion For Preliminary Injunction And Class Certification" (Doc. No. 55, "Motion for Reconsideration"). Via the former motion, Plaintiffs ask the Court to "set aside the judgment under Federal Rule of Civil Procedure 59(e) and grant leave to file their First Amended Complaint ("FAC")." (Doc. No. 52 at 2). And via the latter motion, Plaintiffs seem to ask the Court to reconsider its ruling denying both Plaintiffs' motion for a preliminary injunction (Doc. No. 6) and Plaintiffs' motion for class certification (Doc. No. 7). (Doc. No. 55 at 2, 5, 6, 13). Via the Motion, Plaintiffs move the Court to "expedite briefing and decision" on each of these two motions. (Doc. No. 56 at 1).

For the reasons set forth below, the Motion (Doc. No. 56) is **DENIED**.

---

[1] Lucy and Benjamin are not the actual (respective) names of Plaintiffs. Instead, they are (respective) pseudonyms that Plaintiffs have chosen and been granted leave (Doc. No. 48 at 3) to use in this action.

In support of their request for an expedited decision—meaning, specifically a decision by July 24, 2026—on the Motion to Set Aside Judgment and Motion for Reconsideration, Plaintiffs state as follows in the Motion:

> This Court denied Plaintiffs' motion for a preliminary injunction and class certification and dismissed this case without prejudice on June 26, 2026, Dkts. 47, 48, 49, so Plaintiffs must appeal by July 27, 2026 under the 30 day deadline set by Federal Rule of Appellate Procedure 4(a)(4)(A). The Sixth Circuit has held that "the time to appeal an immediately appealable order does not run until a district court resolves a timely motion for reconsideration of that order," *Blackwell v. Nocerini*, 123 F.4th 479, 485 (6th Cir. 2024), and Plaintiffs have filed a motion for reconsideration of the Court's order. However, in an abundance of caution and to preserve their opportunity to appeal if necessary, Plaintiffs respectfully move to expedite briefing and decision on Plaintiffs' motion to set aside judgment and to file Plaintiffs' first amended complaint and Plaintiffs' motion for reconsideration. Moreover, because Section 1 of H.B. 1704 is currently in effect and the Court has not yet ruled on the merits of Plaintiffs' preemption claims, Plaintiffs are seeking a ruling as quickly as possible.

(Doc. No. 56 at 1-2).

In light of the Motion's request for an expedited decision on the Motion to Set Aside Judgment and Motion for Reconsideration, on July 9, 2026, the Court, via an order (Doc. No. 57, "Explanation Order"), ordered Plaintiffs to file an explanation as to:

> (1) why, if (as Plaintiffs contend) a decision on the Motion to Set Aside Judgment and Motion for Reconsideration is so time sensitive, Plaintiffs elected not to file a new action challenging Section 1 of H.B. 1704 (which they were permitted to do given the Court's dismissal of this action was *without* prejudice (Doc. No. 48 at 3)), and instead chose to seek expedited relief—involving substantial motion practice— in this closed case; and (2) why, if a decision on the Motion to Set Aside Judgment and Motion for Reconsideration is so time sensitive, Plaintiffs did not file the Motion to Set Aside Judgment and Motion for Reconsideration until nearly two weeks after the denial of their motion for a preliminary injunction (Doc. No. 6) and motion for class certification (Doc. No. 7) and the subsequent entering of final judgment in this case.

(Doc. No. 57 at 2).

On July 13, 2026, Plaintiffs filed a response (Doc. No. 58, "Response") to the Explanation Order, contending:

As to the Court's first question, Plaintiffs sought leave to amend rather than filing a new case because filing a new case would not serve the interest of judicial economy and would require duplicative work by the parties and the Court on the same issues. Significant briefing and discovery have already been done in the instant case, and in Plaintiffs' view, the current record is sufficient to show that Plaintiffs' removal orders are valid and outstanding, see Dkt. 55 at 5-10. Filing in the instant case allows Plaintiffs and Defendants to incorporate the already existing briefing, see, e.g., Dkt. 55 at 1, and the existing record, see generally Dkt. 55, to save the parties and the Court time and resources. In these circumstances, amending is quicker and aligns with Plaintiffs' need for a speedy resolution in the case. Filing a new case may also raise issues that are ancillary to the merits of Plaintiffs' claims, which Plaintiffs hope to reach through the pending motions.

As to the Court's second question, due to the Court's sua sponte dismissal of Plaintiffs' case without leave to amend and entry of final judgment the same day, Plaintiffs had to deliberate on the most viable path forward. This included conducting legal research on amendment, reconsideration, and preclusion, see supra; and then preparing multiple motions, see Dkts. 52-57. It also required scheduling calls with Plaintiffs—both of whom work full time—to discuss what additional evidence they could submit to address the Court's concerns and to prepare and review supplemental declarations. Plaintiffs respectfully submit that seven business days and twelve calendar days—which included a holiday weekend, and was well within the deadline to file a motion to amend or alter the judgment, see Fed. R. Civ. P. 59(b)—was a reasonable timeframe in which to undertake that effort.

(Doc. No. 58 at 1-3 (footnotes omitted)).

Considering Plaintiffs' Motion[2] and the Response,[3] the Court does not discern that an

expedited decision on the Motion to Set Aside Judgment and Motion for Reconsideration is

---

[2] As noted above, Plaintiffs state in the Motion that they seek an expedited decision on the Motion to Set Aside Judgment and Motion for Reconsideration, in part, out of "an abundance of caution and to preserve their opportunity to appeal if necessary." (Doc. No. 56 at 1). Plaintiffs do not indicate why such expedited decision could even conceivably be "necessary" to "preserve their opportunity to appeal." And Plaintiffs' stated concern about losing their opportunity to appeal if the Court does not rule on the Motion to Set Aside Judgment and Motion for Reconsideration by the date requested by Plaintiffs seems to the Court entirely unwarranted, given that it is well-established that "[a] timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) tolls the time for an appeal." *Noe v. Thomas*, 947 F.2d 945 (6th Cir. 1991); Fed. R. App. P. 4(a)(4)(A) (noting that "the time to file an appeal runs [] from the entry of the order disposing of the last [timely filed] motion [] to alter or amend the judgment under Rule 59."). Likewise—although this principle of law is less frequently articulated—a "timely filing of a motion for reconsideration of the district court's denial of [a] request for a preliminary injunction toll[s] the time to appeal the denial of the preliminary injunction." *Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 836 F. App'x 496, 498 (9th Cir. 2020); *Wackenhut Corp. v. Guardsmark, Inc.*, 856 F.2d 197 (6th Cir. 1988) ("Because the motion to modify [the preliminary injunction] was [timely filed], we conclude that it tolls appeal time until entry of the order disposing of the motion").

[3] The Court does not find compelling Plaintiffs' explanation as to why they did not file a new action in lieu of filing the Motion to Set Aside Judgment and Motion for Reconsideration.

First, although Plaintiffs have professed concern for judicial economy, the Court notes that in filing the Motion to Set Aside Judgment and the Motion for Reconsideration, Plaintiffs are inviting a significant expenditure of judicial resources that may turn out to be to be expended (at least in Plaintiffs' eyes) for nought in the event that the Motion to Set Aside Judgment is denied and this case remains closed. Likewise, although Plaintiffs assert that "[s]ignificant briefing and discovery have already been done in the instant case" (Doc. No. 58 at 2), the Court discerns that much of the previous briefing submitted in this action— particularly that briefing as it relates to standing—is now out of date, given that Section 1 of H.B. 1704 went into effect on July 1, such that there is now a history of H.B. 1704 being enforced or unenforced (as the case may be).

Second, although Plaintiffs express concern that filing a new suit could expose their claims to issue preclusion (Doc. No. 58 at 2 n.2), the Court notes that it is not convinced that any claim(s) that Plaintiffs bring in a new action would in fact be barred by issue preclusion. And in the event that Plaintiffs file a new lawsuit in this district, that lawsuit would almost certainly be assigned to the undersigned as related to the instant action, pursuant to this Court's Administrative Order No. 176. In evaluating any such new lawsuit, which presumably would involve a new complaint and new allegations, the undersigned would be especially loath to find issue preclusion applicable to any or all of Plaintiffs' claims asserted in that new lawsuit. The undersigned so says based on his long-held views about how proper collateral-estoppel works. *See generally* Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41 (1995) Without prematurely getting into the weeds on this, the Court will make the broad observation that collateral estoppel applies (so as to prevent litigation of an issue) only if it is—take your pick—"identical" or "the same," or perhaps "precisely the same" or "in substance the same." *Id* at 69. As the undersigned has previously noted, there is an underlying concept—which he has called "sameness"— that courts attempt to capture with whatever term(s) they use. *Id.* The Court fails to see how the "sameness" required for the application of collateral estoppel would apply when the issue concerning standing: (i) in the first proceeding (i.e., *this* case) is whether the complaint in *this* case alleged sufficient factual matter to plausibly allege standing; and (ii) in any new case to be filed would be whether the complaint in *that* case

warranted.[4] Accordingly, the Motion (Doc. No. 56) is **DENIED**. Next, the Court will set out herein a briefing schedule on the Motion to Set Aside Judgment.[5]

Defendants shall respond to the Motion to Set Aside Judgment within ten (10) days of the issuance of this Order. In their response to the Motion to Set Aside Judgment, Defendants should address their view as to Plaintiffs' assertion that "manifest injustice" would result if the Court does not set aside the judgment and permit Plaintiffs to file the FAC. (Doc. No. 52 at 4). Likewise, in their response to the Motion to Set Aside Judgment, Defendants should address their view as to whether—as Plaintiffs' assert in the Motion to Set Aside Judgment (Doc. No. 52 at 8-9)—the Court may permit amendment under 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653, without setting aside the judgment in this action pursuant to Rule 59(e).[6]

---

alleged sufficient factual matter to plausibly allege standing. In short, the issue is a complaint-specific one, and where the complaint at issue is not the same, then the issue is not the same—and thus collateral estoppel does not apply.

Finally, to the extent that what is driving Plaintiffs to eschew filing a new action is that it is (according to Plaintiffs) "quicker" and "speed[ier]" to seek to amend their complaint in this action, (Doc. No. 58 at 2), the issue is *not* whether "amending" is "quicker" and "speed[ier]." It is whether (a) drafting and filing the Motion for Reconsideration and the Motion to Set Aside Judgment as well as a motion to expedite briefing and decision on those motions; (b) waiting for the end of the last of the briefing on these motions; and (c) allowing the time for the Court to resolve all of those motions, is quicker (and speedier) than filing a new action and a new (and updated) motion for a preliminary injunction that takes account (as it should) of changed circumstances. The Court has difficulty seeing how the answer to that question would be yes, especially to the extent that the Motion for Reconsideration and the Motion to Set Aside Judgment ultimately are denied; the Motion for Reconsideration is especially likely to be denied because, as noted in a footnote above, the circumstances relevant to Plaintiffs' request for a preliminary injunction have changed in the meantime, thus counseling in favor of the Court considering a new and updated request for a preliminary injunction rather than revisiting the previously denied one.

[4] Further, Plaintiffs' claim that an expedited decision on the Motion to Set Aside Judgment and the Motion for Reconsideration is warranted is belied by the fact that Plaintiffs waited four days to respond to the Explanation Order.

[5] As discussed below, briefing on the Motion for Reconsideration will be stayed pending the Court's decision on the Motion to Set Aside Judgment.

[6] At this juncture, the Court does not discern that a reply from Plaintiffs to Defendants' response to the Motion to Set Aside Judgment is necessary. If, after Defendants file their response to the Motion to Set

For now, the Court will stay any briefing on Plaintiffs' Motion for Reconsideration. The Court does so because the Motion for Reconsideration can be considered if, and *only if*, the Court grants the Motion to Set Aside Judgment and thus—among other things—sets aside the judgment in this action and reopens this case. In the event that the Court grants the Motion to Set Aside Judgment, the Court will separately set out a briefing schedule on the Motion for Reconsideration.

The Court notes that although the Motion to Set Aside Judgment and the Motion for Reconsideration remain pending, Plaintiffs certainly may file a new action now given that the instant action remains closed. In the event that Plaintiffs *do* file a new action, the Court potentially would simply deny as moot the Motion to Set Aside Judgment and the Motion for Reconsideration.

Finally, Defendants' "Motion for Extension" (Doc. No. 59), wherein Defendants request that the Court grant Defendants "10 days from its resolution of [the] Motion [] to respond to the Motions to Set Aside [Judgment] and [Motion] for Reconsideration," (*id.* at 3), is **GRANTED in part and DENIED in part**. The Motion for Extension is granted to the extent that, as noted above, Defendants shall have 10 days from the issuance of this Order (which resolved the Motion) to file a response to the Motion to Set Aside Judgment. The Motion for Extension is denied to the extent that it seeks 10 days from the resolution of Plaintiffs' Motion for Defendants to respond to the Motion for Reconsideration because, as noted above, briefing on the Motion for Reconsideration is stayed.

---

Aside Judgment, the Court discerns that a reply from Plaintiffs would be beneficial, the Court will separately issue an order to that effect.

  The Court also notes that the page length of Defendants' response to the Motion to Set Aside Judgment shall be governed by the default rules in Local Rule 7.01(a).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE