**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| LUCY, BENJAMIN, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Attorney General and Reporter for the State of Tennessee, et al.,<br><br>*Defendants*. | Case No. 3:26-cv-763 |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 5.03, paragraph 5.07 of Administrative Order No. 167-1, the Stipulated Temporary Protective Order Regarding Expedited Discovery entered in this action, Dkt. 27, and the Court's Memorandum Opinion and corresponding Order, Dkt. Nos. 47-48, Plaintiffs respectfully request that the Court place Defendants' Sealed Exhibit, Dkt. 34, and Plaintiffs' Sealed Exhibit, Dkt. 44, under seal. In support, Plaintiffs show the following:

## I. Background

Plaintiffs initiated this action on June 4, 2026. Dkt. 1. Along with their original Complaint, Plaintiffs filed a Motion to Proceed Pseudonymously because litigation would require public disclosure of sensitive personal information of the utmost intimacy. *See* Dkt. 8.

Defendants moved for expedited class discovery. Dkt. 16. The Court granted Defendants' motion, in part, and ordered the Parties to confer and file a joint proposed protective order by

June 15, 2026. Dkt. 22 at 3-4. The Parties filed a proposed Stipulated Temporary Protective Order Regarding Expedited Discovery, Dkt. 24, and the Court entered a protective order in substantially the same form on June 16, 2026. Dkt. 26. On June 18, 2026, the parties filed a notice indicating that Defendants no longer opposed Plaintiffs' motion to proceed under pseudonym and that the parties would continue to abide by the terms of the protective order until the Court rules on whether any further discovery would proceed; as a result, the protective order remains in place. Dkt. 28.

On June 22, 2026, Defendants filed their response opposing class certification and moved for leave to file Exhibit 1 to their response ("Defendants' Sealed Exhibit") under seal. Dkt. 33-35. On June 24, 2026, Plaintiffs replied in support of their request for class certification and moved for leave to file Exhibit 1 to their reply ("Plaintiffs' Sealed Exhibit") under seal. Dkt. 43-45.

On June 26, 2026, the Court entered its Memorandum Opinion and corresponding Order, wherein the Court noted procedural noncompliance with Local Rule 5.03(e) in both Defendants' and Plaintiffs' motions to seal and invited Plaintiffs to move in a single motion to place both Defendants' Sealed Exhibit and Plaintiffs' Sealed Exhibit under seal. Dkt. 47 at 34-35; Dkt. 48. The Court also granted Plaintiffs' Motion to Proceed Pseudonymously, finding it "both unopposed and substantively meritorious." Dkt. 47 at 37.

For the reasons set out below, Plaintiffs request that the Court place Defendants' Sealed Exhibit, Dkt. 34, and Plaintiffs' Sealed Exhibit, Dkt. 44, under seal entirely or, alternatively, permit the filing of redacted versions of these documents. Pursuant to Local Rule 5.03(e),

redacted copies of these documents are filed along with this motion.[1] Exh. 1 and Exh. 2.

## II. Argument and Authority

### a. Standard of Review

There is a presumption in favor of openness of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). The proponent of sealing must show: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors America, Inc.*, 767 Fed.Appx. 635, 637 (6th Cir. 2019). Sealing requires a "document by document"[2] analysis of propriety of sealing that enables courts to enter an order "set[ting] forth specific findings and conclusions which justify nondisclosure to the public." *Beauchamp v. Federal Home Loan Mortgage Corporation*, 658 Fed.Appx. 202, 207 (6th Cir. 2016). Sealing decisions are reviewed for abuse of discretion. *In re Knoxville News Sentinel Co., Inc.*, 723 F.2d 470, 473-74 (6th Cir. 1983) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1177) (court's discretion is "circumscribed by [the] long-established legal tradition" in the presumptive openness of the court records).

### b. Plaintiffs have compelling interests in sealing.

The following describes the types of information that Plaintiffs seek to seal or redact and Plaintiffs' compelling interests in placing Defendants' Sealed Exhibit and Plaintiffs' Sealed

---

[1] Plaintiffs have removed the indexes of terms that appear in the transcripts of depositions of Lucy and Benjamin from both Plaintiffs' newly filed sealed exhibit and the redacted version of the same. The indexes were duplicative of information already available in the transcript itself and redacting terms from the indices affected the formatting of the documents and was impracticable. *See* Local Rule 5.03(e).

[2] Plaintiffs submit with both Plaintiffs' Sealed Exhibit and Defendants' Sealed Exhibit a chart describing the information redacted, Plaintiffs' compelling interest in sealing or redacting this information, and legal support for sealing or redacting.

Exhibit entirely under seal or permitting redacted filing.

**i. Identifying information and information that may lead to the disclosure of Plaintiffs' identities.**

As explained above, this Court granted Plaintiffs' motion to proceed under pseudonym, finding it unopposed and "substantively meritorious." Dkt. 47 at 37. The same factors that support Plaintiffs proceeding pseudonymously in this litigation weigh heavily in favor of sealing documents to ensure their pseudonymity. *See, e.g. Poe v. Lowe*, 756 F.Supp.3d 537, 550 (M.D. Tenn. 2024) (applying the factors from *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) to sealing motion).

Indeed, Defendants' Sealed Exhibit and Plaintiffs' Sealed Exhibit contain Plaintiffs' names, dates of birth, country of origin, and other information that could easily be used to identify Plaintiffs such as their places of employment, days of work, and ongoing career training programs, as well as information about Plaintiffs' family members that, in combination with other information necessarily disclosed in this litigation, would permit a member of the public to discern Plaintiffs' identities.[3] Plaintiffs have compelling interests in sealing this information to preserve their anonymity. *See, e.g., Doe v. Teays Valley Local School Board of Education*, 2:23-cv-02704, 2024 WL 3841212 at *2 (S.D. Ohio Aug. 15, 2024) (compelling interest in sealing information about place of employment and other personally identifiable information); *Gaines v. National Collegiate Athletic Association*, 1:24-CV-1109-MHC, 2024 WL 6861905 at *3 (N.D.

---

[3] As described in the charts included with Plaintiffs' Sealed Exhibit and Defendants' Sealed Exhibit, certain information regarding Plaintiffs' unique circumstances would easily permit identification of Plaintiffs by non-parties. For example, Plaintiff Benjamin participates in an ongoing, highly specialized career training program. Public disclosure of the nature of the program as well as other details related to the program would almost certainly make Benjamin's identity discoverable by non-parties. For this reason, Plaintiffs provide narrowly tailored redactions to permit public access to these records while maintaining their ability to pursue pseudonymous litigation.

Ga. July 12, 2024) (permitting sealing of information about college attended that "could potentially lead to the discovery of [plaintiffs'] identify if made publicly available"); *Doe v. Garland*, 2:23-CV-10053-TGB-JJCG, 2023 WL 12177540 at *3 (E.D. Mich. Feb. 8, 2023) (protecting "personal information that could lead to the identification of Plaintiff by nonparties").

**ii. Information about asylum applications and other applications for immigration relief.**

Plaintiffs also seek to seal or redact identifying information such as A-numbers, receipt numbers from pending and approved applications for deferred action, detailed accounts of the bases for Plaintiffs' asylum claims, as well as case numbers and dates associated with their removal proceedings. This is information that may permit discovery of Plaintiffs' identity, which is properly redacted for the reasons set forth above. *See supra* Section II(b)(i), Additionally, detailed information from asylum applications and proceedings is typically treated as protected by rule, Fed. R. Civ. P. 5.2(c), regulation, 8 C.F.R. §§ 208.6, 1208.6, and by courts considering whether to seal records or permit pseudonymous litigation. *See, e.g.*, *Doe v. Department of Homeland Security*, CIVIL ACTION NO. 22-5172, 2023 WL 372085 at *2 (E.D. La. Jan. 24, 2023) (permitting sealing of records related to asylum application); *J.O.P. v. U.S. Department of Homeland Security*, 8:19-CV-01944-SAG, 2025 WL 1294925 at *2 (D. Md. May 5, 2025) (permitting redaction of sensitive information "bearing on the merits of [plaintiff's] asylum application"); *see also Synod of the Evangelical Lutheran Church in Am. v. Finney,* No. 25-cv-684 (M.D. Tenn. Sept. 3, 2025), Dkt. No. 45 at 6 ("[T]he Court finds that, in this instance, the immigration status of John Doe and his family is information 'of the utmost intimacy.'"). Plaintiffs also maintain a privacy interest in official communications about their immigration status or applications for relief, particularly where the specific information in those communications has little or no bearing on the claims involved in litigation. *See, e.g., Doe v.*

*Office of Inspector General (OIG)*, 3:24-cv-01220, 2025 WL 2318623 at *3 (M.D. Tenn. Aug. 11, 2025). Courts recognize that public disclosure of this sensitive information may subject a party to harassment and intimidation and ultimately deter the exercise of legal rights. *See, e.g., Hispanic Interest Coalition of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012).

**iii. Information about Plaintiff Lucy's history as a victim of domestic violence.**

Additionally, while the fact that Plaintiff Lucy has a pending VAWA application is relevant to this litigation, detailed descriptions of the domestic violence she suffered is "information of the utmost intimacy" that has little bearing on the claims in this action. *Kane v. Loyola University of Chicago*, No. 22 CV 6476, 2024 WL 4907100 at *2 (N.D. Ill. Sept. 3, 2024); *Doe v. RealPage, Inc.*, Civil No. 1:24-cv-00885-JRR, 2024 WL 2863545 at *2 (D. Md. June 6, 2024) (domestic violence is a "matter of a sensitive and highly personal nature"). Revealing this "extremely sensitive information" would cause Plaintiff humiliation and may permit identification of Plaintiff Lucy and could result in "potential retaliation from those involved in her domestic violence" who do not know where she is, but could learn that she lives in Memphis through this litigation. *M.C.C.G. v. Olson*, No. 4:26-CV-00110-BJB-HBB, 2026 WL 789094, at *2 (W.D. Ky. Mar. 20, 2026). This is exactly what Plaintiff Lucy fears. *See* Dkt. 6-1 at ¶ 18 ("I also don't want my ex-husband to know where I am because he was abusive to me; I fear for myself and my son if he finds me."). Plaintiff Lucy has a compelling interest in sealing or redacting detailed descriptions of the abuse that forms the basis of her pending VAWA application.

**iv. Plaintiff Lucy's detailed medical information regarding past treatment.**

"Medical information can be considered appropriate for sealing in some circumstances." *Bell v. Sam's E., Inc.*, 1:16-CV-315-SKL, 2018 WL 8512583, at *3 (E.D. Tenn. Jan. 12, 2018). Plaintiff Lucy maintains that she must continue residing in Tennessee in part because she is a cancer survivor and her doctors are in Tennessee. Dkt. 6-1 at ¶ 13. She seeks to file under seal or redact deposition testimony that contains detailed descriptions of past operations to treat other medical conditions. Though she has raised her medical condition in this litigation, courts find that litigants do not put the entirety of their medical history at issue by doing so. *See e.g., Reberger v. Vern*, 3:17-cv-00077-MMD-WGC2019 WL 5889293, at *2 (D. Nev. Nov. 12, 2019). Moreover, the public's strong interest in accessing "the evidence that courts base their decisions upon" is not implicated because the specific details of past operations is unlikely to form the basis of any decision in this case given the claims at issue in this litigation. *See Mayo v. Conyers*, 5:22-cv-73-CHB-CJS, 2023 WL 12166125, at *2 (E.D. Ky. June 26, 2023). Plaintiff Lucy's significant privacy interests in not disclosing detailed medical treatment justifies limited redaction in this case.

**c. There is a compelling interest in sealing or redacting sensitive and impertinent information about non-parties.**

Plaintiffs' Sealed Exhibit contains deposition testimony that discusses mental health challenges and treatment received by a non-party when he was a minor. Courts may seal "clearly personal and impertinent details associated with third parties." *In re FCA US LLC Monostable Electronic Gearshift Litigation*, 377 F.Supp.3d 779, 787 (E.D. Mich. 2019). Information about "mental health challenges," particularly of minors, may be protected from public disclosure. *See,*

*e.g., Doe through Doe v. Oak Hills Local School District*, Case No. 1:25-cv-00792, 2026 WL 1169896 at *2 (S.D. Ohio Apr. 30, 2026).

## III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and place Defendants' Sealed Exhibit (Dkt. 34) and Plaintiffs' Sealed Exhibit (Dkt. 44) entirely under seal or permit the filing of redacted versions of the same to prevent disclosure of the above-described sensitive information.

Dated: July 17, 2026

/s/ *Hannah Steinberg*
Hannah Steinberg*
Cody Wofsy**
Oscar Sarabia Roman**
Spencer Amdur**
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0770
hsteinberg@aclu.org
cwofsy@aclu.org
osarabia@aclu.org
samdur@aclu.org

Noor Zafar*
Grace Choi**
Omar Jadwat**
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660
nzafar@aclu.org
gchoi@aclu.org
ojadwat@aclu.org

Lucas Cameron-Vaughn (BPR# 036284)
Zee Scout (BPR# 042637)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Tel: (615) 320-7260
lucas@aclu-tn.org
zscout@aclu-tn.org

Peter McGraw*
Efrén Olivares*
Kevin Siegel*
National Immigration Law Center
1101 14th Street, Suite 410
Washington, D.C. 20005
Tel: (213) 639-3900
mcgraw@nilc.org
olivares@nilc.org
siegel@nilc.org

*Attorneys for Plaintiffs*
**Admitted pro hac vice*
** *Pro hac vice application forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, I electronically filed the foregoing with the Clerk of Court by using the District Court CM/ECF system. All counsel of record are participants in the CM/ECF system.

/s/ *Hannah Steinberg*
Hannah Steinberg

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel of record for Defendants by email on the evening of July 7, 2026. Defendants' counsel informed me that this motion is unopposed.

/s/ *Hannah Steinberg*
Hannah Steinberg