IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUCY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN SKRMETTI, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:26-cv-00763<br>JUDGE RICHARDSON |

**ORDER**

On July 17, 2026, Plaintiffs, Lucy and Benjamin,[1] filed a notice (Doc. No. 61, "Notice"). Via the Notice, Plaintiffs inform the Court "that they have filed a new case," which, like this action, "challeng[es] Section 1 of H.B. 1704." (Doc. No. 61 at 1). Attached to the notice is a copy (Doc. No. 61-1) of the complaint, civil cover sheet, and summonses in the new case challenging Section 1 of H.B. 1704. In light of Plaintiffs filing a new action challenging Section 1 of H.B. 1704, Plaintiffs' "Motion to Set Aside Judgment and to File First Amended Complaint" (Doc. No. 52) and Plaintiffs' "Motion for Reconsideration Or, In The Alternative, Renewed Motion For Preliminary Injunction And Class Certification" (Doc. No. 55, "Motion for Reconsideration") are each **DENIED** as moot.

In connection with the Motion for Reconsideration, Plaintiffs filed a motion to seal (Doc. No. 53, "Motion to Seal"). Via the Motion to Seal, Plaintiffs seek to file under seal the sealed filing at Docket No. 54 ("Sealed Document"). Here, the Court has denied the Motion for Reconsideration without regard to the Sealed Document. In the interests of judicial economy, which would be ill-

[1] Lucy and Benjamin are not the actual (respective) names of Plaintiffs. Instead, they are (respective) pseudonyms that Plaintiffs have chosen and been granted leave (Doc. No. 48 at 3) to use in this action.

served by expending the (significant and very precious) judicial resources that would be required to address the substantive merit of the Motion to Seal, the Court resolves the Motion to Seal as reflected in the following paragraph.

The Court notes that there is no reason to believe that the public has a substantial interest in the Sealed Document. Notably, the Court has not taken any substantive action in reliance on the Sealed Document. Instead, the Court was able to deny the Motion for Reconsideration without regard to the Sealed Document. Therefore, the Court finds that there is no reason to believe that the public has any interest (and certainly not a substantial interest) in the Sealed Document, because the underlying motion (i.e., the Motion for Reconsideration) that the Sealed Document was filed in support of was decided without any regard to the Sealed Document. Therefore, the Court finds that the document that Plaintiffs ask the Court to seal (i.e., the document filed under seal at Docket No. 54) can and shall instead be stricken from the docket, which in turn renders the Motion to Seal moot. Accordingly, the Clerk of the Court is **DIRECTED** to strike the Sealed Document (Doc. No. 54), and therefore the Motion to Seal (Doc. No. 53) is **DENIED** as moot.

Finally, the Court notes that the motion to seal filed at Docket No. 62 remains pending.

This case remains closed.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE